UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ANDREW PETER GIBBS,                                                    6:14-cv-91-TC

                                      Plaintiff,

                                                                      ORDER

                v.

U.S. GOVERNMENT,

                                      Defendant.
_____

AIKEN, Chief Judge:

       Plaintiff seeks to proceed *in forma pauperis* (IFP). The court finds that plaintiff is unable

to afford the costs of this action. Accordingly, this action may go forward without the payment of

fees or costs. However, plaintiff's complaint is deficient, as explained below, and the deficiencies

cannot be cured via amendment. Accordingly, the complaint is dismissed without leave to amend.

       Plaintiff asserts federal question jurisdiction and names the United States Government as

defendant. Plaintiff asserts a claim for intentional infliction of emotional distress. Presumably,

plaintiff asserts a cause of action under the Federal Tort Claims Act (FTCA).

       Plaintiff alleges that United States Magistrate Judge Coffin appeared to be unfair in motions

and deliberations. Specifically, plaintiff alleges that Judge Coffin deliberately gave him false hope,

Page 1 - ORDER

in a case he could not win, by giving extensions to the opposing party. However, the discretionary function exception to the FTCA protects the government from private suit for "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government," even if the decision constitutes an abuse of the discretion granted. 28 U.S.C. § 2680(a); see also Terbush v. United States, 516 F.3d 1125, 1129 (9th Cir. 2008). This exemption applies when the action (1) involves "an element of judgment or choice" and (2) is "based on considerations of public policy." Berkovitz v. U.S., 486 U.S. 531, 536–37, (1988). A judge's decision to grant an extension of time is a discretionary one and the decision is based on policy considerations that necessarily effect the members of the public who appear before the court.[1]

Moreover, the tort of intentional infliction of emotional distress requires plaintiff to plead and prove that defendant's acts were an extraordinary transgression of the bounds of socially tolerable conduct. McGanty v. Staudenruas, 321 Or. 532, 543 (1995). There are no allegations in the complaint that come even remotely close to such standard. Cf. Hall v. The May Dept. Stores, 292 Or. 131, 139 (1981), abrogated on other grounds by McGanty, 321 Or. 532 (the tort requires the kind of aggravated acts of persecution that a jury could find beyond all tolerable bounds of civilized behavior).

---

[1]In addition, the complaint fails to allege exhaustion of administrative remedies as is required before an action under the FTCA can be instituted. 28 U.S.C. § 2675.

Page 2 - ORDER

<u>CONCLUSION</u>

For the reasons stated above, plaintiff's motion to proceed IFP (#1) is granted, but the complaint is dismissed without service of process.

DATED this 23 day of January, 2014.

Ann Aiken
United States District Judge

Page 3 - ORDER